GEORGE TOLBERT,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )        No.  07 C 4127
                                         )
JONATHAN S. VONNEGHER,                   )
                                         )
                    Defendant.           )

<u>MEMORANDUM ORDER</u>

Persistent litigant George Tolbert ("Tolbert")[1] has trained

his sights this time on Assistant Public Defender Jonathan

Vonnegher, claiming ineffective assistance of counsel.  Not only

has Tolbert tendered a 42 U.S.C. §1983 ("Section 1983") Complaint

in this District Court, using the form provided by the Clerk's

Office for that purpose, but he has written to the American Bar

Association and the Illinois Attorney Registration and

Disciplinary Commission to complain about counsel's handling of

his criminal case.

Whatever relief Tolbert may possibly receive elsewhere (if

he is entitled to any, a subject on which this Court expresses no

opinion), he cannot pursue his current claim here.  It was

definitively established a full quarter century ago that a public

---

[1]  Although Tolbert lists 15 prior lawsuits in response to
the requirement in form Complaint ¶IV that he "[l]ist ALL
lawsuits you (and your co-plaintiffs, if any) have filed in any
state or federal court," the report provided by this District
Court's Staff Attorney Office also lists another two lawsuits
that Tolbert has filed in this District Court.

defender is <u>not</u> a "state actor" such as to be subject to suit under Section 1983--see <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981).

Even if Tolbert's Complaint did not possess the just-identified fatal flaw, he has abused the system by submitting it without payment of the required $350 filing fee. Earlier this year he was specifically advised in the most recent case that he himself lists, <u>Tolbert v. Godinez</u>, 07 C 1573, that he had accumulated three "strikes" under 28 U.S.C. §1915(g)("Section 1915(g)"), so that he could no longer seek in forma pauperis status except under limited circumstances not applicable here. Accordingly that provides a second and independent basis for not accepting this current lawsuit.

Both the Complaint and this action are therefore dismissed with prejudice. Relatedly his In Forma Pauperis Application is denied pursuant to Section 1915(g), while his Motion for Appointment of Counsel is denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 30, 2007

2